

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,376-02

**EX PARTE OSCEAS CANTU, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2015-DCR-00691-C IN THE 197ᵀᴴ DISTRICT COURT FROM CAMERON COUNTY

*Per curiam*. YEARY, J. filed a concurring opinion joined by SLAUGHTER, J.

### O R D E R

Applicant was convicted of continuous sexual abuse of a child and sentenced to seventy-five years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Cantu v. State*, No. 13-16-00002-CR (Tex. App.—Corpus Christi-Edinburgh July 13, 2017)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective by failing to hire a medical expert, failing to hire a psychologist, failing to investigate and present evidence of false memories. Applicant also alleges that there are new scientific studies which contradict the testimony of the Sexual Assault Nurse Examiner's testimony from his trial and if such new scientific

information had been known at the time of his trial, he would not have been convicted. *See* TEX. CODE CRIM. PROC. art. 11.073. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make findings as to whether there is new scientific information which contradicts testimony at trial such that had the new science been known at the time of trial, Applicant would not have been convicted. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:                                    August 24th, 2022
Do not publish